Conrad F. Cropsey, Esq. Village Attorney, Albion
Your first question is whether, as a public defender who rarely in that capacity appears in village court, you may prosecute violations of village ordinances. We believe that this is a matter of ethics and we refer you to the Committee on Professional Ethics of the New York State Bar Association, which issues opinions regarding such matters.
You next inquire as to the significance of a resolution by a village board of trustees adopted under section 20-2006(2) of the Village Law, designating the village attorney as a special district attorney. It has long been recognized that the district attorney may designate other public officials and persons to prosecute violations of local laws and other offenses (People v VanSickle, 13 N.Y.2d 61 [1963]). In construing section 700(1) of the County Law, the Court of Appeals stated:
 "That statute does not necessarily mean that the District Attorney or his deputy must be physically present at every criminal hearing in the county. However, it means at least that the District Attorney, as the elected representative of the people and charged with this responsibility, must carry the responsibility and must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person of by assistant or consents to appearance on his behalf by other public officers or private attorneys." (Ibid.; see, also, 1979 Op Atty Gen [Inf] 245.)
Therefore, unless restricted by the village board of trustees, a village attorney may act in accordance with a designation by the district attorney to prosecute violations of village laws and other offenses occuring in the village.
It was recognized that the role of the village attorney as a prosecutor could be time consuming, with no provision for compensation for these additional services (1958 Op Atty Gen [Inf] 117, 120; 1977 Op Atty Gen [Inf] 292). The Legislature addressed this situation through section20-2006(2) of the Village Law, which authorizes the board of trustees of a village to adopt a resolution providing for reasonable compensation for the services of the village attorney as a prosecutor (ibid.). This resolution was not intended to serve as an authorization for the village attorney to serve as a prosecutor, but is required to authorize payment by the village for these services. Therefore, in answer to your question, the impact of repeal of the resolution adopted under section20-2006(2) of the Village Law, is to withdraw the authorization for payment by the village for the performance of prosecutorial duties by the village attorney. However, in our view such action alone would not affect the authority of the village attorney to serve as a prosecutor by designation of the district attorney.
Finally, you ask whether a special prosecutor of village offenses must be a resident of the county in which the village is located or of the village. Residency requirements exist for village officers (Public Officers Law, §§ 3 and 30; Village Law, § 3-300[2]). However, an attorney hired by contract or employed for the limited function of prosecuting violators of village laws would not be a village officer and consequently would not be subject to these residency requirements. The duties of a public officer involve some exercise of sovereign power, while those of a public employee do not (Op Atty Gen 83-F4, copy enclosed).
We conclude that under provisions of the Village Law, the board of trustees may authorize additional compensation for a village attorney designated as an assistant district attorney to prosecute offenses in the village. Such prosecutions must be conducted with the consent of the district attorney.